**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Rodney Lee Riley and Song Cha Riley** | ) | Case No.   20-10469-JDL |
| **fka Jo Riley fka Cho Song Cha,** | ) | Chapter   13 |
| | ) | |
| DEBTORS. | ) | |

**MOTION REQUESTING RELIEF FROM STAY,**
**MOTION FOR ORDER OF ABANDONMENT,**
**AND MOTION FOR WAIVER OF 14 DAY STAY PER RULE 4001(a)(3)**
**NOTICE OF OPPORTUNITY FOR HEARING**

Bridgecrest Credit Company, LLC, a/k/a Bridgecrest Acceptance Corporation, f/k/a DT Acceptance Corporation d/b/a Carvana, LLC, Creditor in the above-styled and numbered cause, pursuant to 11 U.S.C. §§362(d) and 554, hereby moves this Honorable Court for an Order granting Bridgecrest Credit Company, LLC, a/k/a Bridgecrest Acceptance Corporation, f/k/a DT Acceptance Corporation d/b/a Carvana, LLC relief from the stay and abandonment and waive the fourteen (14) day stay per rule 4001(a)(3), for the reasons and upon the grounds that:

1.     That Bridgecrest Credit Company, LLC, a/k/a Bridgecrest Acceptance Corporation, f/k/a DT Acceptance Corporation d/b/a Carvana, LLC is the holder of a duly perfected security interest in the following described vehicle as shown by the copy of the Retail Installment Contract and Security Agreement and the copy of the Oklahoma Vehicle Record which has been duly filed with the appropriate state agency and attached hereto:

**2016 Acura MDX SUV VIN: 5FRYD3H29GB011085**

2.     Bridgecrest Credit Company, LLC, a/k/a Bridgecrest Acceptance Corporation, f/k/a DT Acceptance Corporation d/b/a Carvana, LLC would state that the unpaid principal balance due upon said vehicle is the sum of $24,178.81. As of July 6, 2021, the total debt due is $25,026.47. That the Debtors, are in default by reason of failure of said Debtors to pay the said monthly payments due upon said vehicle and as such said vehicle continues to depreciate without compensation to this Creditor. That the contract is currently due for the April 25, 2021 payment. For the foregoing reasons, there is sufficient cause to modify the automatic stay under 11 U.S.C.

KRF File #43684/AF

§362(d)(1).

3. Although no formal appraisal of said vehicle has been made, the Movant alleges that there is no equity in said vehicle for the estate of the Debtors, and that the outstanding balance due upon said vehicle is in excess of the value of said vehicle. Furthermore, that said vehicle is a burdensome asset of the estate and should be abandoned. That it would be appropriate for the Court to enter an Order Lifting the Automatic Stay provided by 11 U.S.C. § 362(d) and further that the property be abandoned pursuant to 11 U.S.C. § 554.

4. Under Fed. R. Bankr. P. 4001(a)(3), an order granting stay relief on this Motion would be stayed "until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Good cause exists to "order otherwise" as the Debtors are not paying the monthly payments for said vehicle and said vehicle is continuing to depreciate without compensation to Bridgecrest Credit Company, LLC, a/k/a Bridgecrest Acceptance Corporation, f/k/a DT Acceptance Corporation d/b/a Carvana, LLC. Movant is asking the Court to waive the statutory period pursuant to Fed. R. Bankr. P. 4001(a)(3).

5. Movant further alleges that said vehicle above mentioned is currently not being used or will not be needed for the purpose of carrying on the business of the Debtors.

6. That Bridgecrest Credit Company, LLC, a/k/a Bridgecrest Acceptance Corporation, f/k/a DT Acceptance Corporation d/b/a Carvana, LLC has been stayed from enforcing its rights under said security agreement since the filing of this case on February 14, 2020. That said vehicle is continuing to depreciate without compensation to Bridgecrest Credit Company, LLC, a/k/a Bridgecrest Acceptance Corporation, f/k/a DT Acceptance Corporation d/b/a Carvana, LLC and by reason thereof, Bridgecrest Credit Company, LLC, a/k/a Bridgecrest Acceptance Corporation, f/k/a DT Acceptance Corporation d/b/a Carvana, LLC is entitled to adequate protection which can only be provided by an Order Lifting the Automatic Stay imposed upon Bridgecrest Credit Company, LLC, a/k/a Bridgecrest Acceptance Corporation, f/k/a DT Acceptance Corporation d/b/a Carvana, LLC for the purpose of foreclosure of its security interests.

7. The order confirming Chapter 13 Plan [doc. 42] provides for direct payments to creditor.

## NOTICE OF OPPORTUNITY FOR HEARING

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Ave., Oklahoma City, Oklahoma 73102, no later than fourteen (14) days from the date of filing of this request for relief. You should also mail a file-stamped copy of your response or objection to the undersigned Movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 14-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. Rule 9006(f).

**WHEREFORE,** Bridgecrest Credit Company, LLC, a/k/a Bridgecrest Acceptance Corporation, f/k/a DT Acceptance Corporation d/b/a Carvana, LLC prays the Court enter an Order lifting the Automatic Stay pursuant to 11 U.S.C. §362(d) to permit Movant to foreclose its security interest therein as provided by law; that the fourteen (14) day stay imposed by Fed. R. Bankr. P. 4001(a)(3) be waived; require abandonment pursuant to 11 U.S.C. §554; and that Bridgecrest Credit Company, LLC, a/k/a Bridgecrest Acceptance Corporation, f/k/a DT Acceptance Corporation d/b/a Carvana, LLC may have such other and further relief to which it may be entitled.

**KIVELL, RAYMENT AND FRANCIS, P.C.**

s/ Adam Fiegel
Brian J. Rayment, OBA #7441
Adam Fiegel, OBA #33169
Triad Center I, Suite 550
7666 East 61st Street
Tulsa, Oklahoma 74133
Phone: (918) 254-0626
Facsimile: (918) 254-7915
E-mail: afiegel@kivell.com
**ATTORNEYS FOR CREDITOR**

KRF File #43684/AF

## CERTIFICATE OF MAILING

      I hereby certify that on July 12, 2021, I mailed via U.S. Mail, first class, postage prepaid and properly addressed, a true and correct copy of the above and foregoing Motion to those parties listed on the matrix attached hereto.

                                  s/ Adam Fiegel
                                  Adam Fiegel OBA# 33169

KRF File #43684/AF

```
Label Matrix for local noticing          AFFIRM INC                               AMEX
1087-5                                   650 CALIFORNIA ST FL 12                  PO BOX 297871
Case 20-10469                            SAN FRANCISCO CA 94108-2716              FORT LAUDERDALE FL 33329-7871
Western District of Oklahoma
Oklahoma City
Mon Jul 12 08:12:01 CDT 2021

American Express National Bank           (p)CREDITORS BANKRUPTCY SERVICE          BEST BUYCBNA
c/o Becket and Lee LLP                   PO BOX 800849                            50 NORTHWEST POINT ROAD
PO Box 3001                              DALLAS TX 75380-0849                     ELK GROVE VILLAGE IL 60007-1032
Malvern  PA 19355-0701


BRIDGECREST                              Bridgecrest Credit Company LLC           Bridgecrest Credit Company, LLC
7300 E HAMPTON AVE                       Po Box 29018                             c/o Kivell, Rayment and Francis, P.C.
MESA AZ 85209-3324                       Phoenix AZ 85038-9018                    Adam Fiegel
                                                                                  7666 East 61st Street
                                                                                  Suite 550
                                                                                  Tulsa, OK 74133-1199

Bridgecrest Credit Company, LLC, a/k/a Bridg   (p)CAPITAL ONE                     CITI
c/o Kivell, Rayment and Francis, PC      PO BOX 30285                             PO BOX 6190
Adam Fiegel                              SALT LAKE CITY UT 84130-0285             SIOUX FALLS SD 57117-6190
7666 East 61st Street, Suite 550
Tulsa, OK 74133-1199

CREDIT ONE BANK NA                       Capital One Bank (USA), N.A.             Capital One N.A.
PO BOX 98875                             4515 N Santa Fe Ave                      4515 N Santa Fe Ave
LAS VEGAS NV 89193-8875                  Oklahoma City, OK 73118-7901             Oklahoma City, OK 73118-7901


Carvana LLC                              FIRST PREMIER BANK                       FREEDOM MORTGAGE
Po Box 29018                             601 S MINNESOTA AVE                      3600 NW 138TH STREET
Phoenix AZ 85038-9018                    SIOUX FALLS SD 57104-4868                OKLAHOMA CITY OK 73134-2503


Adam T Fiegel                            Freedom Mortgage Corporation             John T. Hardeman
Kivell Rayment and Francis PC            Bankruptcy Department                    PO Box 1948
7666 E 61st St #550                      10500 Kincaid Drive                      Oklahoma City, OK 73101-1948
Tulsa, OK 74133-1199                     Suite 300
                                         Fishers, IN 46037-9764

INTERNAL REVENUE SERVICE                 (p)JPMORGAN CHASE BANK  N A              JPMorgan Chase Bank, N.A.
55 NORTH ROBINSON AVENUE                 BANKRUPTCY MAIL INTAKE TEAM              s/b/m/t Chase Bank USA, N.A.
OKLAHOMA CITY OK 73102-9229              700 KANSAS LANE FLOOR 01                 c/o Robertson, Anschutz & Schneid, P.L.
                                         MONROE LA 71203-4774                     6409 Congress Avenue, Suite 100
                                                                                  Boca Raton, FL 33487-2853

(p)JEFFERSON CAPITAL SYSTEMS LLC         (p)DEERE CREDIT SERVICES   INC           LVNV Funding, LLC
PO BOX 7999                              ATTN LITIGATION & RECOVERY DEPARTMENT    Resurgent Capital Services
SAINT CLOUD MN 56302-7999                PO BOX 6600                              PO Box 10587
                                         JOHNSTON IA 50131-6600                   Greenville, SC 29603-0587


MERRICK BANK                             MERRICK BANK CORP                        Margaret K. Myers
Resurgent Capital Services               PO BOX 9201                              McBride & Associates PC
PO Box 10368                             OLD BETHPAGE NY 11804-9001               732 N Santa Fe Avenue
Greenville, SC 29603-0368                                                         Edmond, OK 73003-4300
```

| | | |
|---|---|---|
| NAVY FEDERAL CREDIT UNION<br>PO BOX 3000<br>MERRIFIELD VA 22119-3000 | (p)OKLAHOMA TAX COMMISSION<br>GENERAL COUNSEL S OFFICE<br>100 N BROADWAY AVE SUITE 1500<br>OKLAHOMA CITY OK 73102-8601 | Oklahoma Employment Security Commission<br>PO Box 53039<br>Oklahoma City, OK 73152-3039 |
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 |
| Brian J. Rayment<br>Kivell, Rayment and Francis<br>7666 E. 61st Street., #550<br>Tulsa, OK 74133-1199 | Rodney Lee Riley<br>11141 Murray Drive<br>Guthrie, OK 73044-3519 | Song Cha Riley<br>11141 Murray Drive<br>Guthrie, OK 73044-3519 |
| SHELLCBNA<br>PO BOX 6497<br>SIOUX FALLS SD 57117-6497 | SYNCBAMAZON<br>PO BOX 965015<br>ORLANDO FL 32896-5015 | SYNCBCARE CREDIT<br>950 FORRER BLVD<br>KETTERING OH 45420-1469 |
| SYNCBNTWK<br>PO BOX 965036<br>ORLANDO FL 32896-5036 | SYNCBPHILLIPS 66<br>4125 WINDWARD PLZ<br>ALPHARETTA GA 30005-8738 | SYNCBSAMS CLUB<br>PO BOX 965005<br>ORLANDO FL 32896-5005 |
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | THDCBNA<br>PO BOX 6497<br>SIOUX FALLS SD 57117-6497 | USAA SAVINGS BANK<br>PO BOX 47504<br>SAN ANTONIO TX 78265 |
| United States Trustee<br>United States Trustee<br>215 Dean A. McGee Ave., 4th Floor<br>Oklahoma City, OK 73102-3479 | Verizon<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Army & Air Force Exchange Services<br>Attention GC-G<br>3911 S. Walton Walker Blvd.<br>Dallas, TX 75236 | CAPITAL ONE BANK USA N<br>15000 CAPITAL ONE DR<br>RICHMOND VA 23238 | JPMCB CARD<br>PO BOX 15369<br>WILMINGTON DE 19850 |
| Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud Mn 56302-9617 | John Deere Financial, f.s.b.,<br>PO Box 6600<br>Johnston, IA 50131 | (d)MILITARY STAR<br>3911 S WALTON WALKER BLV<br>DALLAS TX 75236 |

| | | |
|---|---|---|
| OKLAHOMA TAX COMMISSION<br>PO BOX 26800<br>OKLAHOMA CITY OK 731260800 | (d)Oklahoma Tax Commission<br>Legal Division<br>120 N Robinson Suite 2000W<br>Oklahoma City, OK 73102-7801 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Freedom Mortgage Corporation

End of Label Matrix
Mailable recipients    49
Bypassed recipients     1
Total                  50

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

OK-102 7/1/2018

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary | |
|---|---|---|---|
| CARVANA, LLC<br>63 PIERCE RD<br>WINDER GA 30680-7280 | Rodney Riley<br>11141 Murray Dr<br>Guthrie OK 73044 | No. | |
| | | Date | 12/13/18 |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 100.00 |
|---|---|---|---|---|
| 12.52 % | $ 14,623.23 | $ 32,892.75 | $ 47,515.98 | $ 47,615.98 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 74 | $ 635.00 | monthly beginning 01/12/19 |
| 1 | $ 525.98 | 03/12/25 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If a payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late, with a minimum charge of $25.50.

**Prepayment.** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2016 | Acura | MDX | SUV | 5FRYD3H29GB011085 | 29409 |

☐ New
☒ Used
☐ Demo

Other:
N/A

## Description of Trade-In

| N/A | N/A | N/A | N/A |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("Agreement") applies: __N/A__
__N/A__. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of
$ __32,892.75__ plus finance charges accruing on the unpaid balance at the rate of __12.52__ % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ **Additional Charge.** You agree to pay an additional charge of
$ __N/A__ that will be ☐ paid in cash.
☐ financed over the term of the Contract.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of
$ __N/A__ if you pay this Contract in full before we have earned that much in finance charges.

Retail Installment Contract-OK Not for use in transactions secured by a dwelling.
© 2018 The Reynolds and Reynolds Company

RR   7/1/2018
Bankers Systems ®

THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.   Page 1 of 5

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

## Itemization of Amount Financed

| | | |
|---|---|---|
| a. | **Cash Price** of Vehicle, etc. (incl. sales tax of $ 1,262.75 ) | $ 29,962.75 |
| b. | Trade-in allowance | $ 0.00 |
| c. | Less: Amount owing, paid to (includes k): N/A | $ N/A |
| d. | Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k) | $ 0.00 |
| e. | Cash payment | $ 100.00 |
| f. | Manufacturer's rebate | $ 0.00 |
| g. | Deferred down payment | $ 0.00 |
| h. | Other down payment (describe) N/A | $ 0.00 |
| i. | **Down Payment** (d + e + f + g + h) | $ 100.00 |
| j. | **Unpaid balance of Cash Price** (a-i) | $ 29,862.75 |
| k. | Financed trade-in balance (see line d) | $ 0.00 |
| l. | Paid to public officials, including filing fees | $ 186.00 |
| m. | Insurance premiums paid to insurance company(ies) | $ 0.00 |
| n. | Service Contract, paid to: Carvana | $ 1,950.00 |
| o. | To: Transit Charge | $ 199.00 |
| p. | To: Gap Coverage | $ 695.00 |
| q. | To: N/A | $ N/A |
| r. | To: N/A | $ N/A |
| s. | To: N/A | $ N/A |
| t. | To: N/A | $ N/A |
| u. | To: N/A | $ N/A |
| v. | To: N/A | $ N/A |
| w. | To: N/A | $ N/A |
| x. | To: N/A | $ N/A |
| y. | **Total Other Charges/Amts Paid** (k thru x) | $ 3,030.00 |
| z. | **Prepaid Finance Charge** | $ 0.00 |
| aa. | **Amount Financed** (j + y - z) | $ 32,892.75 |

We may retain or receive a portion of any amounts paid to others.

*[This area intentionally left blank.]*

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single   ☐ Joint   ☐ None
Premium $ N/A    Term N/A
Insured N/A

**Credit Disability**
☐ Single   ☐ Joint   ☐ None
Premium $ N/A    Term N/A
Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: N/A    N/A DOB

By: N/A    N/A DOB

By: N/A    N/A DOB

**Property Insurance.** You must insure the Property. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ 1,000 .
If you get insurance from or through us you will pay $ N/A
for N/A of coverage.
This premium is calculated as follows:

☐ $ N/A   Deductible, Collision Cov.   $ N/A
☐ $ N/A   Deductible, Comprehensive   $ N/A
☐ Fire-Theft and Combined Additional Cov.   $ N/A
☐ N/A   $ N/A

Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for
N/A of coverage.

*[This area intentionally left blank.]*

Retail Installment Contract-OK Not for use in transactions secured by a dwelling.
© 2018 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

RR    7/1/2018
Bankers Systems ®
Page 2 of 5

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

[X] **Service Contract**
- Term: 60 months
- Price: $ 1,950.00
- Coverage: Carvana Vehicle Protection

[X] **Gap Waiver or Gap Coverage**
- Term: 75 months
- Price: $ 695.00
- Coverage: Gap Coverage

[ ] N/A
- Term: N/A
- Price: $ N/A
- Coverage: N/A

*Rodney Riley*    12/13/18
By: Rodney Riley    Date

N/A    N/A
By:    Date

N/A    N/A
By:    Date

## Additional Terms of the Sales Agreement

**Definitions.** "*Contract*" refers to this Retail Installment Contract and Security Agreement. The pronouns "*you*" and "*your*" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "*we*", "*us*" and "*our*" refer to the Seller and any entity to which it may transfer this Contract. "*Vehicle*" means each motor vehicle described in the *Description of Property* section. "*Property*" means the Vehicle and all other property described in the *Description of Property* section.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. You also agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The "*Total Sale Price*" is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. See *Minimum Finance Charge* section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Balloon Payment.** If any scheduled payment is more than twice as large as the average of your earlier scheduled payments, you may refinance that payment when due without penalty. The terms of the refinancing will be no less favorable to you than the original terms of this Contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $25.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Oklahoma and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
- You fail to perform any obligation that you have undertaken in this Contract and/or you fail to refrain from taking any act prohibited by this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs to realize on the Property and our reasonable attorneys' fees not in excess of 15% of the unpaid debt after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:
- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

Retail Installment Contract-OK Not for use in transactions secured by a dwelling.
© 2018 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

RR    7/1/2018
Bankers Systems ®
Page 3 of 5

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

### Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all other Property, and accessions.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:
- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

*[This area intentionally left blank.]*

### Notices

**Note.** If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle:** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

**Sí compra un vehículo usado:** La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

### Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

| N/A | N/A |
|---|---|
| **By:** | **Date** |
| Signature of Third Party Owner (NOT the Buyer) | |

*[This area intentionally left blank.]*

---

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

[X] **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

**Assignment.** This Contract and Security Agreement is assigned to N/A

the Assignee, phone _____N/A_____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
[ ] This Assignment is made with recourse.

Seller

___N/A___
By:                                    Date

### Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

*Rodney Riley*             12/13/18
By: Rodney Riley                Date

N/A             N/A
By:                                      Date

N/A             N/A
By:                                      Date

**Notice to Buyer.** 1. Do not sign this Contract before you read it or if it contains any blank spaces. 2. You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**Buyer**

*Rodney Riley*             12/13/18
By: Rodney Riley                Date

N/A             N/A
By:                                      Date

N/A             N/A
By:                                      Date

**Seller**

*[signature]*             12/13/18
By: CARVANA, LLC             Date

Retail Installment Contract-OK Not for use in transactions secured by a dwelling.
© 2018 The Reynolds and Reynolds Company

THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

RR /1/2018
bankers systems ®
Page 5 of 5

OKLAHOMA TAX COMMISSION

LIEN HOLDERS RELEASE FORMS



VIN: 5FRYD3H29GB011085   VEHYR: 2016   MAKE: ACUR   MODEL: MDX   BODY: UT
AGNT
LIEN DATE: 12/21/2018
LIEN DEBTOR: RODNEY RILEY

RODNEY RILEY
11141 MURRAY DR
GUTHRIE OK  73044-3519



LIEN HOLDER: CARVANA LLC

CARVANA LLC
PO BOX 29002
PHOENIX AZ  85038-9002

TO:   OKLAHOMA TAX COMMISSION
      MOTOR VEHICLE DIVISION
      P.O. BOX 269061
      OKLAHOMA CITY OK 73126



TO WHOM IT MAY CONCERN: WE HAVE RELEASED OUR SECURITY INTEREST IN THE MOTOR VEHICLE DESCRIBED ABOVE, EFFECTIVE ON THE DATE WHICH APPEARS BY MY SIGNATURE. PLEASE REVISE YOUR RECORDS TO REFLECT THIS RELEASE.
SIGNATURE OF REPRESENTATIVE OF SECURED PARTY

X _____          DATE _____

### LENDER: TO ENSURE PROPER PROCESSING OF YOUR COMPLETED LIEN RELEASE, PLEASE NOTE THE FOLLOWING.

DO NOT ALTER THIS DOCUMENT

NO STAPLES

NO TAPE

NO FOREIGN FIXTURES OR ATTACHMENTS

NO WRITING OR MARKING
(OTHER THAN SIGNATURE AND DATE FOR RELEASE)

DO NOT ALTER THE SIZE OF THIS DOCUMENT




VALUES    PICTURES    SPECIFICATIONS    REVIEWS & RATINGS    SAFETY

Did you know J.D. Power's industry-leading valuations data drives NADAguides.com? Learn more



# 2016 Acura MDX Prices and Values
## Utility 4D 2WD V6

⇄ CHANGE CAR   ⊕ COMPARE



📷 View more photos & video (41)

See other trim levels

Utility 4D 2WD V6                                               ⌄

## Values & Cost Details ⓘ

Pricing    Cost to Own

### Rough Trade-In

| | |
|---|---|
| Base Price | $18,825 |
| Mileage (60,420) | $1,125 |
| Total Base | $19,950 |
| Options | N/A |

**$19,950**

### Average Trade-In

| | |
|---|---|
| Base Price | $20,950 |
| Mileage (60,420) | $1,125 |
| Total Base | $22,075 |
| Options | N/A |

**$22,075**

### Clean Trade-In

| | |
|---|---|
| Base Price | $22,725 |
| Mileage (60,420) | $1,125 |
| Total Base | $23,850 |
| Options | N/A |

**$23,850**

Sell my car fast. **Get Offer.**

### Clean Retail

| | |
|---|---|
| Base Price | $24,600 |
| Mileage (60,420) | $1,125 |
| Total Base | $25,725 |
| Options | N/A |

**$25,725**

| | |
|---|---|
| Certified Pre-Owned(CPO) | +$1,975 |